IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS BARROW, Individually and on
Behalf of all Others Similarly Situated,

      Plaintiff,

v.                                                        No. 1:23-cv-642 JHR/KRS

HOOKED UP TOWING AND RECOVERY, INC.,

      Defendant.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte*.  Plaintiff initiated this action on August 1, 2023.  (Doc. 1).  On October 12, 2022, Plaintiff filed a Motion for Entry of Default under Federal Rule of Civil Procedure 55(a) as to Defendant Hooked Up Towing and Recovery, Inc., (Doc. 5), which the Clerk entered on October 13, 2023, (Doc. 6).  Since that time, Plaintiff has taken no further action in this case, such as moving for default judgment under Rule 55(b).

    The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency.  *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).  Additionally, under the Local Rules of this Court, "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward."  D.N.M.LR-CIV. 41.1.  Based upon the lack of activity in this case, Plaintiff will be required to show cause why this case should not be dismissed.

    **IT IS THEREFORE ORDERED** that **on or before January 5, 2024** Plaintiff shall file with this Court a response to this Order showing cause why this case should not be dismissed for

failure to prosecute.  Plaintiff is also hereby notified that failure to respond to this Order may result in dismissal without further notice.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE