IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Thomas Barrow, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § § | Civil Action No. 1:23-cv-00642-JHR-KRS |
| v. § § | |
| Hooked Up Towing and Recovery, Inc., § § | |
| Defendant. § | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Thomas Barrow files this Motion for Default Judgment seeking entry of judgment of his backpay, liquidated damages, and reasonable and necessary attorney's fees and costs due to Defendant Hooked Up Towing and Recovery, Inc.'s failure to appear in this federal Fair Labor Standards Act ("FLSA") and New Mexico Minimum Wage Act ("NMMWA") lawsuit. Plaintiff respectfully submits to the Court as follows:

### I.     SERVICE IS COMPLETE

Plaintiff filed his lawsuit against Defendant Hooked Up Towing and Recovery, Inc. ("Defendant" or "HUTR") on August 1, 2023. (ECF No. 1.) Plaintiff initially sought to serve Defendant via personal service on or about August 11, 2023 (ECF No. 4), however service was defective. (ECF No. 8.) Given the circumstances, the Court granted Plaintiff leave to serve Defendant via alternative service (mailing and posting notice) on December 28, 2023. (ECF No. 9.) Plaintiff complied with that Order on January 16, 2024. (ECF No. 10.) Defendant did not appear and respond to Plaintiff's complaint by its deadline, January 24, 2024. (*See id.*) Accordingly, Plaintiff sought entry of default on February 9, 2024. (ECF No. 11.) The Clerk entered default on

February 12, 2024. (ECF No. 12.) Accordingly, Plaintiff may properly seek default judgment as to Defendant.

## II.     FACTUAL BACKGROUND

Plaintiff worked for Defendant as a tow truck driver from on or about June 11, 2021, through on or about June 25, 2023 (about two years or 106 weeks). (Ex. 1 – Barrow Decl., ¶ 1) Defendant did not pay plaintiff overtime premium pay for his substantial hours of work because it misclassified him as an independent contractor. (*Id.*, ¶ 2.) Defendant paid Plaintiff on a weekly basis in the amount of $800 per week, but Plaintiff did not complete any exempt work that would entitle Defendant to pay Plaintiff on a salary basis. (*Id.*, at ¶ 7.)

However, Defendant set his schedule and provided him with full-time employment. (*Id.*, ¶ 3.) He received discipline when he attempted to set his own schedule. (*Id.*) Plaintiff was told by Defendant how and when to do his job. (*Id.*) He could not hire his own employees to assist in performing his duties. (*Id.*) He did not exert control over a business to be considered a separate economic entity from Defendant. (*Id.*, ¶ 4.) Rather, he was simply a part of Defendant's workforce, performing the towing services that were the backbone of Defendant's revenue stream. (*Id.*)

Similarly, Plaintiff did not make any material investment in a business to stand as a separate economic unit from Defendant. (*Id.*, ¶ 5.) He did not exercise special skills to obtain new work or better rates, or make decisions on advertising, marketing, pricing or business operations. (*Id.*, ¶ 8.) He was at all times economically dependent on Defendant. He did not have the opportunity for loss or profit, but rather the more weeks he worked, the more money he earned. (*Id.*, ¶ 7.)

While working for Defendant, Plaintiff typically worked 91 hours per week, but his $800 weekly rate was only intended to cover a forty (40) hour workweek. (*Id.*, ¶ 9.) Accordingly, his effective hourly rate was $20/hour ($800/40 hours = $20). (*Id.*) Because Plaintiff typically worked

91 hours, he was entitled to 51 hours of overtime wages at time and one half his regular rate of pay for all hours of work, or, about $1,530.00 per week in overtime pay (($20 * 1.5) * 51 hours). (*Id.*, ¶ 9.) Because Plaintiff worked for Defendant for 106 weeks, he is entitled to backpay in the amount of $162,180.00 in unpaid overtime wages. Furthermore, he is entitled to an equal amount in liquidated damages, along with reasonable attorney's fees and costs.

### III.     ARGUMENT AND AUTHORITY

A.     **Legal Standard of Review for Default Judgment**

In making a determination whether to grant a motion for default judgment, courts take all facts presented by the non-defaulting party as true, except for those pertaining to the amount of damages. *See* Fed. R. Civ. P. 55; *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003).

However, where an amount claimed is "a liquidated sum or one capable of mathematical calculation," a court may enter judgment without holding a hearing on the extent of damages. *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). This is particularly true in FLSA cases where damages calculations are to be made by a court as a matter of law and where hours worked and rates of pay may be based on plaintiff's "estimation and recollection." *Souza v. ABQ Liquors, LLC*, No. 1:21-cv-00538 MIS/SCY, 2023 WL 3956595, at *3 (D.N.M. June 12, 2023) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 293 (E.D.N.Y. Sept. 30, 2011)). An FLSA plaintiff meets his burden of proof by relying on his own recollection which "enjoys a presumption of accuracy in the absence of available formal records." *Id.* citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1046).

A court's entry of default judgment is reviewed for abuse of discretion. *Novotny v. OSL Retail Servs. Corp.*, No. 22-8062, 2023 WL 3914017, at *2 (10th Cir. June 9, 2023) (unpublished) (quoting *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).

**B.      Plaintiff's Pleadings and Declaration Establish His *Prima Facie* Case.**

To prevail on a claim for unpaid overtime damages under the FLSA, a plaintiff must establish:

> (1) there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA overtime wage requirements; and (4) the amount of overtime compensation due.

*Johnson v. Heckman Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Here, Plaintiff has established by Defendant's default that he and Defendant were covered by the FLSA. (*See* ECF No. 1, ¶¶ 12-17.) Plaintiff has also established that Defendant did not pay overtime wages to Plaintiff when he worked over forty hours in a workweek. (ECF No. 1, ¶¶ 25-27, 34; Ex. 1 – Barrow Decl., ¶ 9.) However, at issue in this case was whether Plaintiff was Defendant's employee due to Defendant's misclassification of him as an independent contractor. Plaintiff's pleadings and the attached declaration make the requisite showing of misclassification such that Defendant should be liable for its failure to pay overtime pay to Plaintiff.

Courts in this Circuit consider a six-factor test to determine whether a plaintiff is an employee of an alleged employer as a matter of economic reality:

> (1) the degree of control exercised by the alleged employer over the worker, (2) the worker's opportunity for profit or loss, (3) the worker's investment in the business, (4) the permanence of the working relationship, (5) the degree of skill required to perform the work, and (6) the extent to which the work is an integral part of the alleged employer's business.

*Acosta v. Paragon Contractors Corp.*, 8845 F.3d 1225, 1235 (10th Cir. 2018) (citing *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). No single factor is determinative. *Id.*

In his pleadings and declaration, Plaintiff establishes that as a matter of economic reality, Defendant was his employer. First, Defendant set Plaintiff's schedule and he was supervised by a

managerial employee of Defendant named Mr. Ira Ridgley. (Ex. 1 – Barrow Decl., ¶ 3.) Plaintiff was not permitted to refuse work without receiving discipline and was not able to hire his own employees to help perform his duties. (*Id.*) Second, Plaintiff did not have an opportunity for profit or loss but could only gain more money by working more weeks at a constant rate. (*Id.* at ¶¶ 6, 7.) Third, Plaintiff did not make a material investment in a business such that he stood apart from Defendant, but rather he was simply a part of Defendant's workforce. (*Id.* at ¶¶ 4, 5.) He did not own his own towing truck, he did not hold out his services to other entities or hold himself out as a business. (*Id.*) Fourth, Plaintiff worked for Defendant exclusively for an indefinite period lasting just over 2 years. (*Id.* at ¶¶ 1, 6.) Plaintiff worked so many hours for Defendant, he did not have a meaningful opportunity to provide services to any other entity. (*Id.* at ¶ 6.) Fifth, Plaintiff's position did not require any special skills or business initiative. (*Id.* at ¶ 8.) He could not make decisions that would influence marketing, pricing, or business operations to his benefit. (*Id.*) Finally, Plaintiff was an integral part of Defendant's tow truck business operations, as Plaintiff performed the towing services that were the backbone of Defendant's stream of revenue. (*Id.*, ¶ 4.)

Accordingly, Plaintiff has demonstrated his entitlement to overtime compensation for all hours he worked as a non-exempt employee of Defendant.

### C.   Plaintiff's Damages Are Calculable as a Matter of Just and Reasonable Inference.

Any employer who violates the FLSA's overtime wage provision is liable to the affected employee for back wages in the amount of his unpaid overtime wages, liquidated damages and mandatory legal fees and costs. 29 U.S.C. § 216(b).

An employee who brings suit under the FLSA has the burden of proving that he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946) *superseded by statute on other grounds as recognized in Integrity Staffing*

*Sols., Inc. v. Busk*, 574 U.S. 27 (2014). If an employer keeps the records required by the FLSA, including recording hours of work, rate of pay, and payments made to the employee, then the employee may rely on those records to satisfy his burden. *Id.* However, to avoid penalizing an employee for his employer's failure to comply with the law, if those records were not kept the employee may "show the amount and extent of [] work as a matter of just and reasonable inference." *Id.*

While working for Defendant, Plaintiff typically worked 91 hours per week, but his $800 weekly rate was only intended to cover a forty (40) hour workweek. (Ex. 1 – Barrow Decl., ¶ 9.) Accordingly, his effective hourly rate was $20/hour ($800/40 hours = $20). (*Id.*) Because Plaintiff typically worked 91 hours, he was entitled to 51 hours of overtime wages at time and one half his regular rate of pay for all hours of work, or, about $1,530.00 per week in overtime pay (($20 * 1.5) * 51 hours). (*Id.*, ¶ 9.) Because Plaintiff worked for Defendant for 106 weeks, he is entitled to backpay in the amount of $162,180.00 in unpaid overtime wages.

Plaintiff is entitled to an award of liquidated damages in an equal amount to his back overtime wages. *See Jim v. CoreCivic of Tennessee, LLC*, No. CIV 20-0618 JB/JFR, 2021 WL 4990084, at *18-19 (D.N.M. Oct. 27, 2021). An employer may avoid payment of liquidated damages by establishing good faith for its conduct and that it had objectively reasonable grounds to believe its conduct was lawful. By its absence in failing to defend this lawsuit, Defendant admits liquidated damages are appropriate. (*See* ECF No. 1, ¶¶ 4, 58, 76.) Plaintiff's proposed judgment reflects an additional $162,180.00 in liquidated damages.

Finally, pre- and post-judgment interest were pleaded (ECF No. 1, ¶ 76) and are appropriate in this case and are included in Plaintiff's proposed judgment. *See* 28 U.S.C. § 1961(a); *Caldwell v. Life Ins. Co. of North America*, 287 F.3d 1276, 1286-87 (10th Cir. 2002).

**D.      Plaintiff Is Entitled to an Award of His Attorney's Reasonable Fees and Costs.**

The FLSA and NMMWA provide for mandatory attorney fees to prevailing plaintiffs. *See Coronado v. Flower Foods, Inc.*, No. 16-350 JCH/KK, 2022 WL 2048481, at *2 (D.N.M. June 7, 2022) (reasonable attorneys' fees are mandatory under the FLSA); *Payne v. Tri-State CareFlight, LLC*, 332 F.R.D. 611, 705 (D.N.M. 2019) (plaintiffs may recover attorneys' fees and costs for their efforts under the NMMWA). Here, Plaintiff's counsel spent ten hours in the prosecution of this action at her standard rate of $400/hour, for a total of $4,000.00. This is an imminently reasonable fee, and as demonstrated in her declaration, Plaintiff's counsel exercised significant billing judgment. (Ex. 2 (Arbuckle Decl.).)

Finally, Plaintiff incurred the following taxable costs of court: $402 case filing fee and $136.00 and $65.00 for the first service attempt and for the posting of notice of this lawsuit on Defendant's property in compliance with Court Order, for a total of $603.00. (*See* Ex. 2-1 (Costs).)

## IV.      CONCLUSION

Given the Defendant's default and the relevant facts and law presented in this Motion for Default Judgment, Plaintiff respectfully requests that this Court enter judgment against Defendant in the total amount of $328,963.00, with pre- and post-judgment interest to accrue at the current judgment rate. Plaintiff requests such other and further relief to which he is justly entitled.

Dated: March 4, 2024                                    Respectfully submitted,

                                                        By:     s/Melinda Arbuckle
                                                                Melinda Arbuckle
                                                                marbuckle@wageandhourfirm.com
                                                                Ricardo J. Prieto
                                                                rprieto@wageandhourfirm.com
                                                                **Wage and Hour Firm**
                                                                5050 Quorum Drive, Suite 700
                                                                Dallas, Texas 75254

(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile

COUNSEL FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS